IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 13–62–BLG–DWM |
| Plaintiff/Respondent, | |
| vs. | ORDER |
| MICHAEL DAVID BAILEY, | |
| Defendant/Movant. | |

On April 3, 2023, Defendant Michael David Bailey's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 was granted, (Doc. 64), and a resentencing hearing was set for July 13, 2023, (*see* Doc. 66). On April 19, the government was given leave to file a motion for reconsideration and the parties were ordered to simultaneously brief the issue of whether a conviction of Montana Code Annotated § 45–5–401(1)(b) is a "violent felony" under *United States v. Stokeling*, 139 S. Ct. 544 (2019) and relevant Ninth Circuit case law. (Doc. 70 at 3.) The government so moved for reconsideration on May 3, and Bailey filed his brief on the same day. (Docs. 71, 72.) Because Montana's robbery statute, Mont. Code Ann. § 45–5–401(1)(b), is not a "violent felony" under the Armed Career Criminal Act under a direct application of *Stokeling*, the government's motion is denied.

1

A robbery statute is a "violent felony" under the Act if it requires proof that "the criminal . . . overcome[s] the victim's resistance." *See United States v. Shelby*, 939 F.3d 975, 978 (9th Cir. 2019) (quoting *Stokeling*, 139 S. Ct. at 550). Such proof is not required for a robbery conviction under § 45–5–401(1)(b). As a matter of common understanding, it would appear that Bailey's robbery conviction is a "violent felony." However, the Ninth Circuit Court of Appeals instructs that courts "are mandated by the Supreme Court to analyze this case not through common understanding, but rather by comparing the elements of the state crime to the requirements of the federal statute." *See id.* at 977.

While the government makes significant points and arguments about the application of *Stokeling* in this case, I am not persuaded that those points are sufficient to overcome the arguments of Bailey. Frankly, in my view the categorical analysis as well as the modified categorical analysis defy common sense. If there is an exercise of serious violence or the threat of serious injury during a robbery, most lay persons would conclude a violent crime has been committed. But that is not the law. The legal approach mandated by categorical analysis of a statute, as opposed to examining conduct can lead to significant untoward, but legally correct, results.

2

Accordingly, IT IS ORDERED that the government's motion for reconsideration, (Doc. 72), is DENIED. The current resentencing schedule, (*see* Doc. 66), remains in effect.

DATED this 9th day of May, 2023.

Donald W. Molloy, District Judge
United States District Court